**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

In re:

QUEEN ELIZABETH MILLER,                           CASE NO.  08-40298-LMK
                                                                            CHAPTER  7

       Debtor.
_____/

THERESA M.  BENDER, TRUSTEE FOR
THE ESTATE OF QUEEN E. MILLER,

       Plaintiff,

vs.                                                                    ADV. CASE NO.: 08-04009-LMK

EDNY SAINT FELIX,

       Defendant.
_____/

**ORDER GRANTING DEFENDANT'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

THIS MATTER came on for hearing on the Defendant's Motion for Summary Judgment in this action seeking to recover real property, statutory damages, actual damages, declaratory and equitable relief.  Based on the pleadings, discovery, and affidavits on file, I find that there are no genuine issues as to any material fact and the Defendant is entitled to judgment as a matter of law.

Plaintiff, Theresa M.  Bender, is the Chapter 7 trustee for the estate of the Debtor, Queen Elizabeth Miller, who filed her petition under Chapter 7 of the Bankruptcy Code on May 7, 2008.  This adversary proceeding was filed initially in the name of the Debtor on July 22, 2008, seeking to recover a parcel of real property located at 1032 Calloway Street, Tallahassee, Florida (the "Property"), which had previously been sold to the Defendant.  Subsequent to the filing

this proceeding, the Trustee was substituted as Plaintiff. The instant Motion for Summary Judgment was filed on May 6, 2009, and heard on July 15, 2009, at which time I took the matter under advisement.

The facts in this matter are fairly simple and straightforward and, except for one point, are completely undisputed. Prior to May, 2006, the Debtor owned the Property which she had, in the past, rented to various tenants. She had owned the house since 1946. On April 31, 2000, the Debtor executed a mortgage in favor of Nation Credit Financial Services in the amount of $55,793.00 which was secured by the Property. In 2006, the Property became vacant and in need of significant repairs. The Debtor decided that she needed to sell the Property to be relieved of the financial burdens associated with it.

The Defendant was engaged in business buying houses and advertised by placing signs in various locations in the community that stated, "I Buy Houses". He had been through a seminar to learn a method of purchasing properties subject to mortgages while avoiding triggering the "due on sale" clauses in the mortgages. This involved taking the title to property in a property specific trust. This apparently enabled him to purchase the property without having to finance the full purchase price of the property, but instead, he would purchase the property and simply maintain the current payments on the existing mortgage. Desiring to sell the Property, the Debtor communicated with the Defendant and negotiated for the sale of the Property. The parties agreed that the Defendant would pay the Debtor $1,000.00 and pay the existing mortgage on the Property. At the time of the sale, the Debtor was current in her payments on the mortgage. Based on that agreement, Defendant paid the Debtor $1,000.00 and the Debtor executed a Limited Power of Attorney for Real Estate giving the Defendant broad powers regarding the property. She executed a Warranty Deed dated May 4, 2006, conveying the Property to "Edny St.

Felix, as trustee for the Miller 1032 Calloway Street Trust."[1] Following this conveyance, the Defendant continued to make payments under the Debtor's mortgage and paid all taxes and insurance. As of the current date, the mortgage is still current and has not been declared in default. The Defendant has also, since the transaction, expended approximately $28,000.00 repairing the Property. At no time since the sale and prior to the filing of this adversary proceeding has the Debtor attempted to enter the Property, rent the Property, offer the Property for sale, make any repairs to the Property, pay insurance or property taxes on the Property, make any payments on the mortgage, or otherwise exercise any rights whatsoever in the Property. On or about April 11, 2008, the Property was being offered for sale by the Defendant for a sale price of $125,000.00. The parties have submitted no evidence regarding the value of the Property at the time of sale or the mortgage balance at that time.

The only dispute regarding the foregoing facts is whether the Defendant agreed that he was going to pay off the existing mortgage at the time of sale or, as he asserts, that he was purchasing the property subject to the mortgage and would pay it off when he sold the Property. There are no documents such as a contract or closing statements to memorialize any aspects of the transaction, and given the parties description of the discussions, it would be virtually impossible to find that the Defendant ever actually promised that he would satisfy the mortgage upon the sale. It is clear that each party had a different understanding of what was obviously an ambiguous negotiation.

## **LEGAL STANDARD**

Summary judgment is appropriate if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed R. Bankr. P. 7056, incorporating Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477

---

[1] The only document establishing the "trust" is the Warranty Deed conveying the property.

U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986)(emphasis in original). An issue is "genuine" if the record, taken as a whole, could lead a rational trier of fact to find for the non-moving party. *See, e.g., Id*. at 248*; Allen v. Tyson Foods, Inc.,* 121 F.3d 642, 646 (11th Cir. 1997). "An issue is 'material' if it is a legal element of the claim under the applicable substantive law that may affect the resolution of the case." *Allen*, 121 F.3d at 646. The movant may meet this standard by presenting evidence demonstrating the absence of a dispute of material fact or by showing that the nonmoving party has not presented evidence in support of an element of its case on which it bears the burden of proof. *See Id.; Celotex,* at 477 U.S. at 322-323.

Once the moving party meets this burden, the opposing party has a duty to present evidence in order to defeat a properly supported motion for summary judgment. *See  Allen*, 121 F.3d at 646. It is often noted that in evaluating a summary judgment motion the Court must view all the evidence and all factual inferences drawn therefrom in the light most favorable to the non-moving party and determine whether that evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See, e.g., Id,* at 646; *Celotex,*477 U.S. at 322-323; *Anderson*, 477 U.S. at 260 n.2; *St. Charles Foods, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 819 (11th Cir. 1999). However, a mere "scintilla" of evidence in favor of the non-moving party, or evidence that is merely colorable or not significantly probative, is not enough. *See, e.g., Allen,* 121 F.3d at 646; *Anderson*, 477 U.S. at 252. The nonmoving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (citing Fed. R. Civ. P. 56(e), incorporated in bankruptcy by Fed. R. Bankr. P. 7056(e)).

**DISCUSSION**

**I.**

In Count I, the Plaintiff alleges that the Bankruptcy Estate should be declared the owner of the Property because of purported deficiencies in the warranty deed conveying the Property in trust. The Plaintiff contends that the conveyance was deficient in that no trust document existed or was registered at the time, and the warranty deed improperly conveyed the property to "Edny St. Felix, as trustee for the Miller 1032 Calloway Street Trust." The Plaintiff contends that the conveyance should be deemed void. The Defendant contends, in its motion for summary judgment, that the name of the property titled "in trust" is irrelevant. After a review of the law and the evidence, I find that no genuine issues of material fact exist and the Defendant is entitled to judgment as a matter of law. Even if the trust were not registered and were deemed to be deficient, Fla. Stat. § 689.07 (2006) specifically provides that the conveyance would have been declared to have granted a fee simple estate. This statute provides, in pertinent part:

> Every deed or conveyance of real estate heretofore or hereafter made or executed in which the words "trustee" or "as trustee" are added to the name of the grantee, and in which no beneficiaries are named, the nature and purposes of the trust, if any, are not set forth, and the trust is not identified by title or date, shall grant and is hereby declared to have granted a fee simple estate with full power and authority in and to the grantee in such deed to sell, convey, and grant and encumber both the legal and beneficial interest in the real estate conveyed

Fla. Stat. § 689.07(1) (2006). Accordingly, even if the trust did not exist at the time of the conveyance, ownership of the property would still have transferred to the grantee, Edny St. Felix, in fee simple, and the conveyance would not have been deemed void. Therefore, any augments the Debtor has proffered based upon the property being conveyed in trust are wholly without merit.

**II.**

In Count II the Plaintiff asserts a cause of action based upon general grounds of equity that the Warranty deed should be revoked, without citation to any authority. In support of this con-

tention, the Debtor baldly states, "the transfer of the subject real property to the Defendant as trustee for the Debtor/Plaintiff, without satisfaction of the mortgage was procured through unfair and deceptive means, creating an unfair detriment to the bankruptcy estate," and "it would be inequitable to allow this property to be lost to the bankruptcy estate and remain in the possession of the Defendant." The Defendant asserts that the failure to satisfy the mortgage was insufficient as a matter of law to give rise to rescission of the warranty deed, and that the Debtor's financial position was improved rather than harmed by the transaction. I agree with the Defendant regarding this later contention.

The undisputed facts of this case show that the Debtor entered into a transaction with the Defendant after the Defendant posted signs stating, "I buy houses." The Debtor wished to sell the Property and be relieved of the financial burdens associated with it. The Property was vacant and in need of significant repairs. The Defendant paid the Debtor $1,000 and maintained the current payments on the mortgage, and paid all taxes and insurance. As of the current date the mortgage is still being paid by the Defendant and has not been declared in default. The Defendant also expended approximately $28,000.00 repairing the property. At no time has the Debtor attempted to enter the Property, pay insurance or property taxes, offer the Property for sale, make any repairs to the Property, rent the Property, make payments on the mortgage, or otherwise exercise any rights whatsoever in the Property. Further, no evidence has been offered regarding the value of the equity, if any, in the Property at the time of the sale to the Defendant. If were to allow the Plaintiff to revoke the Warranty deed at this time, the Defendant would be the party inequitably harmed, and not the Debtor, who appears to have obtained relief from the mortgage payments that she had bargained for. Accordingly, I find that there are no undisputed issues of material fact and the Defendant is entitled to judgment as a matter of law.

III.

In Count III, the Debtor asserts a claim under § 501.2077 of the Florida Deceptive and Unfair Trade Practices Act (the "FDUTPA"), Fla. Stat. § 501.201 et seq. (2006). The FDUTPA is a consumer protection statute, located within Chapter 501 of the Florida Statutes, entitled "Consumer Protection." In enacting FDUTPA, the Florida legislature explicitly provided that the Act must be "construed liberally to … simplify, clarify, and modernize the law governing *consumer* protection… and to protect *consumers* and legitimate businesses from those who engage in unfair methods of competition and unconscionable, deceptive, and unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(1),(2) (emphasis added). "The clear intent of FDUPTA as expressed by its plain language is to provide both equitable and legal remedies to *private consumers* who are aggrieved parties and/or sustained actual losses because of violation(s) under FDUPTA." *Martinez v. Rick Chase Cars, Inc.*, 278 F.Supp.2d 1371 (S.D. Fla. 2003) (citing *Macias v. HBC of Fla., Inc.*, 694 So.2d 88, 90 (Fla. 3d DCA 1997). Many courts have explored the elements required to be proven, but all have noted the necessity of having a consumer or a legitimate business entity harmed by a violation of FDUTPA, bringing forth the action. See *Rollins, Inc. v. Butland*, 951 So.2d 860 (Fla. 2d DCA 2006) (noting that a "deceptive practice is one that is likely to mislead *consumers*",… and an "unfair practice is one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous, or substantially injurious *to consumers*.") (emphasis added, citations omitted).

While the term "consumer" has been replaced with other terms in various areas of the statute through the years, the legislative history indicates that these changes were intended only to clarify that both persons harmed in consumption and business entities harmed by competitor's anti-competitive acts, may maintain an action if they were harmed by an act in violation of FDUTPA. See *Guyana Telephone & Telegraph Co., Ltd. V. Melbourne International Communications, Ltd.*, 329 F.3d 1241 (11th Cir. 2003) (Eleventh Circuit affirmed the district court's determination that a supplier-rather than a consumer-could not avail itself of FDUTPA, noting that the 1993

amendment's expanded protection to both "the consuming public at large" and "legitimate business enterprises" still only permitted "consumers" to bring actions seeking monetary relief); Fla. H.R. Comm. CCC, HB 685 (2001) Staff analysis (March 16, 2001); Fla. H.R. Comm. Council for Competitive Commerce, HB 685 (2001) Staff Analysis (April 18. 2001) (both explaining that 2001 changes to FDUTPA's provisions for a private right of action were only intended to clarify that the remedies available to individuals are also available to businesses harmed by a violation of FDUTPA). The changes have not expanded the statute to include an action brought by a seller harmed by a buyer's unscrupulous acts.

The specific provision the Plaintiff claims that the Defendant has violated is § 501.2077. This provision allows a heightened civil penalty if a senior citizen or handicapped person is victimized by fraud or attempted fraud in a consumer transaction in violation of FDUTPA. Because the undisputed facts of this case show that the Debtor was a seller of real property, and not a consuming entity, any unfair, unconscionable, or deceptive act by the buyer would not have resulted in a violation that is cognizable under the FDUTPA. Because there could be no cognizable violation of FDUTPA, the Plaintiff could not recover heightened civil penalties under the section cited.

Even if a seller of real property could be classified as a consuming entity covered by FDUTPA, the Debtor in this case neither suffered any loss or injury, nor is the Debtor imminently likely to suffer a loss or injury. At the time of the sale the Debtor wished to be relieved of the financial burdens associated with the Property. The only options she had in order to achieve this goal were to sell the Property, or stop paying the mortgage and face foreclosure. Even though the Defendant did not assume or satisfy the mortgage, the mortgage was paid current and any potential personal exposure of the Debtor has been reduced through time as the Defendant continued to make the mortgage payments, while enhancing the value of the Property by expending over $28,000.00 on repairs. In any event, the Debtor no longer even has any personal liability on the

mortgage note because she has received her discharge in bankruptcy. Accordingly, any loss would be purely speculative and, "FDUTPA does not provide for the recovery of nominal damages, speculative losses, or compensation for subjective feelings of disappointment." *Rollins v. Butland¸* 951 So.2d 860, 873 (Fla. 1st DCA 2006).

IV.

As one final note, the Plaintiff has alleged in its Amended Complaint that one of the unfair and deceptive practices that the Defendant engaged in was "mortgage rescue" activities. As support for this argument, the Plaintiff points to the newly enacted Florida Foreclosure Fraud Prevention Act § 501.1377 (2008) (the " Foreclosure Fraud Act"), in its response to the Motion for Summary Judgment. The Plaintiff appears to contend that I should find a violation of the FUDTPA that was in effect at the time of the transaction because the Defendant would have committed "mortgage rescue" activities that are a violation of the Foreclosure Fraud Act, had it been in force at the time of the transaction. This argument is disingenuous at best and misleading at worst, because the Foreclosure Fraud Act would not have applied for a multitude of reasons even if it had been in effect at the time of this transaction.

First the Foreclosure Fraud Act was intended to apply to homeowners "in default… in foreclosure, or at risk of losing their home due to nonpayment of taxes." § 501.1377(1). None of these situations were present at the time of the transaction. Second, the act requires the homeowner to have been a consumer of a "Foreclosure-related rescue service" from a "foreclosure rescue consultant" in a "foreclosure-rescue transaction." § 501.1377(2)(b), (c), (d). The term "foreclosure-related rescue service" means that the homeowner bringing suit must be a consumer of a good or service related to, or promising assistance in connection with stopping, avoiding, or delaying foreclosure proceedings… or curing or otherwise addressing a default or failure to timely pay…".

§501.1377(2)(c). The Debtor was not in default or in foreclosure at the time of the transaction and the undisputed facts show that the Debtor wished to be relieved of the mortgage obligation entirely through a sale of the property, rather than be a consumer of a good or service designed to prevent the foreclosure. The Debtor has also failed to provide evidence to establish that the Defendant was "foreclosure rescue consultant," a defined term meaning a person who is paid money or other valuable consideration for the solicitation, representation, or offer to a homeowner to provide or perform. § 501.1377(2)(b). The Defendant here was not offered any payment of money or other valuable consideration. Likewise, the sale was not made in the context of a "foreclosure-rescue transaction" which requires the property to have been in foreclosure and the homeowner to have maintained an interest in the property conveyed, such as a lease option interest, or an option to acquire the property. § 501.1377(2)(d). The undisputed facts show that the Debtor sold the property outside of foreclosure, without retaining any interest therein, and the Debtor did not attempt to exercise any rights in the Property. Simply put, an outright sale of a property subject to the existing mortgage, even with some disagreement over whether the buyer was to payoff of the existing mortgage, does not amount to a prohibited act in violation of the Foreclosure Fraud Act § 501.1377(3) or § 501.1377(7). Accordingly, I reject any suggestion that this transaction would have been covered under the Foreclosure Fraud Act.

## V.

In sum, no genuine issues of material fact exist and the Defendant is entitled to judgment as a matter of law. While this Court in no way condones the acts or practices employed by the Defendant in buying the Property, the Plaintiff has not produced any evidence to demonstrate that the Debtor was damaged by the way the sale of the Property was structured. She has likewise

shown no basis for revoking the properly executed deed which conveyed the Property to the Defendant. Accordingly, it is hereby

ORDERED and ADJUDGED that the Defendant's Motion for Summary Judgment (Doc. 43) is GRANTED.

DONE and ORDERED in Tallahassee, Florida this 19th day of August, 2009.

*[signature]*
LEWIS M. KILLIAN, JR.
U.S. BANKRUPTCY JUDGE

cc: all parties in interest